■   ANTHONY MIRABELLA, as Assignee of FRANCO GRONDA and Another, Appellant, v. BANCO INDUSTRIAL DE LA REPUBLICA ARGENTINA, Respondent.— Order entered on or about January 5, 1970 unanimously affirmed, without costs and disbursements and without prejudice to a renewal of motion to strike defense on completion of disclosure proceedings. See memorandum decision on appeal [Case No. 5] decided herewith. Concur — Stevens, P. J., Eager, McGivern, McNally and Tilzer, JJ.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY BARNES, Appellant.— Determination unanimously withheld on the appeal from the judgment rendered on February 24, 1966 convicting defendant following trial before court and jury of felonious possession of narcotics in violation of subdivision 3 of section 1751 of the former Penal Law and section 3305 of the Public Health Law; and matter remanded to the Supreme Court, Bronx County, for an evidentiary and suppression hearing (see *People* v. *Morhouse*, 21 N Y 2d 66; *People* v. *Munger*, 24 N Y 2d 445). During the trial, on the examination of the detectives involved, it appeared that the police were possessed of wiretap conversations referring to the defendant. One detective testified that he could not recall all of the contents of the wiretaps without referring to the recordings or his notes. The court denied defendant's request for production of the wiretap orders and supporting papers, if any, and for transcripts of the taped conversations, and denied defendant's application for a hearing outside the presence of the jury. The People contend that the wiretap conversations were recordings from a telephone installed upon the premises of a third party and further contend that the information obtained from the wiretap conversations was not in any way utilized for the purpose of obtaining defendant's arrest or upon the trial. The record, however, is inadequate to permit a determination as to whether the defendant had standing to object to the use of the wiretap conversations and as to whether the People did in fact obtain information from such conversations that was improperly used as against the defendant. Under the circumstances, therefore, the matter should be remanded for a proper hearing upon all relevant facts and circumstances with relation to the wiretaps. (See, also, *People* v. *Butler*, 33 A D 2d 675.) Concur — Eager, J. P., Capozzoli, Markewich and Nunez, JJ.